IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELIZABETH BARRY, | : | |
| Plaintiff, | : | |
| v. | : | Case No. 2:09-CV-1092 |
| | : | |
| THE PENNSYLVANIA STATE | : | Judge GARY L. LANCASTER |
| UNIVERSITY, PAULA MILONE- | : | |
| NUZZO, RAYMONDE BROWN and | : | Complaint filed: 08/17/09 |
| EMMANUEL OSAGIE, | : | |
| Defendants. | : | *Electronically Filed* |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

## NATURE OF THE ACTION, JURISDICTION AND VENUE

1.      Defendants are advised and therefore believe that paragraph 1 is a statement of Plaintiff's legal position to which no response is required.  To the extent any response is required, Defendants deny any violation of the Civil Rights Act of 1871 or the Pennsylvania Whistleblower Protection Act.

2.      Defendants are advised and therefore believe that paragraph 2 is a statement of Plaintiff's legal position to which no response is required.  To the

1

extent any response is required, Defendants deny any violation of 42 U.S.C. § 1983 or the Pennsylvania Whistleblower Protection Act.

    3.    Defendants are advised and therefore believe that paragraph 3 is a statement of Plaintiff's legal position to which no response is required.  To the extent any response is required, it is admitted that venue is proper in the United States District Court for the Western District, but it is denied that any of Defendants' actions or policies were unlawful.

## PARTIES

    4.    It is admitted only that during the time period referenced in paragraph 4 Plaintiff held periodic fixed term appointments with Penn State.  Plaintiff's last appointment ended June 30, 2009.  With respect to the balance of the allegations in paragraph 4, after reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4.  The same are therefore denied and strict proof thereof demanded.

    5.    Admitted in part and denied in part.  It is admitted that Defendant Penn State is a state-related university and that Penn State has a campus known as Fayette, the Eberly Campus, located at One University Drive, Uniontown, Pennsylvania.  The balance of the allegations of paragraph 5 are denied.  Penn State's largest campus is located at University Park, Pennsylvania.

6. It is admitted that Defendant Paula Milone-Nuzzo is the Dean of Penn State's School of Nursing. The balance of the allegations of paragraph 6 are denied. Defendant Milone-Nuzzo's office is located at 201 Health and Human Development East, University Park, Pennsylvania.

7. Admitted in part and denied in part. It is admitted that Defendant Brown works within the Defendant Penn State's School of Nursing. The balance of the allegations of paragraph 7 are denied. Defendant Brown is the Associate Dean for Undergraduate Programs and Outreach in the School of Nursing. Further, Defendant Brown's office is located at 209 Health and Human Development East, University Park, Pennsylvania.

8. Admitted in part and denied in part. It is admitted that Defendant Osagie is the Chancellor of Defendant Penn State's Fayette Campus. The balance of the allegations of paragraph 8 are denied. Defendant Osagie's office is located at 1 Eberly Building, Fayette Campus, Uniontown, Pennsylvania.

9. It is admitted only that Defendants Milone-Nuzzo, Brown and Osagie are employed by Penn State as set forth in paragraphs 6, 7 and 8 above. The balance of the allegations in paragraph 9 are denied.

10. Defendants are advised and therefore believe that paragraph 10 is a statement of Plaintiff's legal position to which no response is required. To the extent any response is required, the allegations of paragraph 10 are denied.

11. Defendants are advised and therefore believe that paragraph 11 is a statement of Plaintiff's legal position to which no response is required. To the extent any response is required, the allegations of paragraph 11 are denied.

12. Defendants are advised and therefore believe that paragraph 12 is a statement of Plaintiff's legal position to which no response is required.

## BACKGROUND AND STATEMENT OF CLAIMS

13. Admitted in part and denied in part. It is admitted that during the time period referenced in paragraph 13 Plaintiff held periodic fixed term appointments with Penn State. Plaintiff's last appointment ended June 30, 2009. The balance of the allegations in paragraph 13 are denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Admitted.

19. Admitted. By way of further response, nine (9) students filed for grade mediation and adjudication under Policy G-10.

20. It is admitted only that Defendants Milone-Nuzzo and Brown became involved as the result of a legitimate concern on their part with respect to the

4

number of students who failed the final exam and the course.  The balance of the allegations in paragraph 20 are denied.

      21.    Denied.

      22.    Denied.

      23.    Denied.

      24.    Admitted in part and denied in part.  It is admitted that Plaintiff agreed to re-evaluate the grading process.  The balance of the allegations of paragraph 24 are denied.

      25.    Admitted.

      26.    Denied.

      27.    After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27.  The same are therefore denied and strict proof thereof demanded.

      28.    Admitted in part and denied in part.  It is admitted that Plaintiff filed a Complaint with the Faculty Rights and Responsibilities Committee of the University Faculty Senate.  The balance of the allegations of paragraph 28 are denied.  Plaintiff's Complaint, being in writing, will speak for itself with regard to its allegations.

      29.    Admitted in part and denied in part.  It is admitted that the Faculty Rights and Responsibilities Committee issued a written report on April 7, 2009.

The balance of the allegations of paragraph 29 are denied.  The written opinion of the Faculty Rights and Responsibilities Committee, being in writing, will speak for itself.

30. Denied.  The report of the Faculty Rights and Responsibilities Committee, being in writing, will speak for itself with regard to its contents.

31. Admitted in part and denied in part.  It is admitted that on or about April 30, 2009, Plaintiff was informed that her fixed term appointment would not be renewed.  The balance of the allegations of paragraph 31 are denied.

32. Denied.

33. Admitted.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

### COUNT I:  DEPRIVATION OF 1ST AMENDMENT CIVIL RIGHTS
### (42 U.S.C. § 1983)
### DEFENDANTS PENN STATE, MILONE-NUZZO, BROWN AND OSAGIE

38. Defendants hereby incorporate by reference, the same as though set forth at length, their responses to paragraphs 1 through 37, inclusive.

39. Defendants are advised and therefore believe that paragraph 39 is a statement of Plaintiff's legal position to which no response is required.  To the

6

extent any response is required, it is denied that any actions by the Defendants violated Plaintiff's right to freedom of speech under the United States Constitution.

40. Defendants are advised and therefore believe that paragraph 40 is a statement of Plaintiff's legal position to which no response is required. To the extent any response is required, the allegations of paragraph 40 are denied.

41. Defendants are advised and therefore believe that paragraph 41 is a statement of Plaintiff's legal position to which no response is required. To the extent any response is required, it is denied that the Defendants violated Plaintiff's right to free speech or otherwise engaged in coercion, intimidation, hostility, threat of reprisal, or other forms of retaliation against Plaintiff.

42. Denied.

43. Denied.

44. Denied.

45. Defendants are advised and therefore believe that paragraph 45 is a statement of Plaintiff's legal position to which no response is required. To the extent any response is required, the allegations of paragraph 45 are denied.

46. Denied.

47. Denied.

## COUNT II:  ILLEGAL RETALIATION – WHISTLEBLOWER PROTECTION ACT
## (DEFENDANT PENN STATE)

48. Defendants hereby incorporate by reference, the same as though set forth at length, their responses to paragraphs 1 through 47, inclusive.

49. Defendants are advised and therefore believe that paragraph 49 is a statement of Plaintiff's legal position to which no response is required.  To the extent any response is required, the allegations of paragraph 49 are denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

## GENERAL PRAYER FOR RELIEF

54. WHEREFORE, Defendants request that Plaintiff's Complaint be dismissed, that judgment be entered in their favor and against Plaintiff, and that all relief requested by Plaintiff in paragraph 54 be denied.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted, in whole or in part.

2. Plaintiff fails to state a cause of action, in whole or in part.

3. Plaintiff's claims are barred by the applicable statute of limitations.

4.     Plaintiff's claims are barred by virtue of her failure to exhaust administrative remedies.

5.     Plaintiff's claims are barred by the doctrine of accord and satisfaction.

6.     Plaintiff's claims are barred in whole or in part by the doctrines of waiver and estoppel.

7.     Plaintiff's claims are barred in whole or in part by the doctrine of release.

8.     Any and all employment actions taken or not taken by Defendants toward Plaintiff were done or not done for legitimate, non-retaliatory purposes.

9.     Plaintiff did not make good faith reports of conduct which constitutes either waste or wrongdoing within the meaning of the Pennsylvania Whistleblower Law.

10.    Plaintiff did not engage in conduct protected under the First Amendment to the United States Constitution.

11.    Plaintiff's Complaint fails to state a cause of action justifying punitive damages.

12.    Plaintiff's claims against Defendants are barred, in whole or in part, by the doctrine of qualified immunity.

13. Any and all actions taken or not taken by Defendants toward Plaintiff would have occurred even in the absence of conduct or speech which Plaintiff asserts is protected by the First Amendment or by federal or state law.

14. No causal connection exists between any adverse employment actions taken by Defendants and any protected conduct taken by Plaintiff.

15. All actions taken or not taken by Defendants with regard to Plaintiff's administrative position were done or not done in good faith.

15. Plaintiff's claims are subject to all limitations on damages available under the relevant statutes.

WHEREFORE, Defendants request that Plaintiff's Complaint be dismissed, that judgment be entered in their favor and against Plaintiff, and that all relief requested by Plaintiff be denied.

    Respectfully submitted,

    McQUAIDE, BLASKO,
    FLEMING & FAULKNER, INC.

Date:  October 15, 2009    By:  s/James M. Horne
    James M. Horne, Esquire
    I.D. No. 20698
    811 University Drive
    State College, PA 16801
    jmhorne@mqblaw.com
    (814) 238-4926
    Fax: (814) 238-9624
    Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELIZABETH BARRY, | : | |
| Plaintiff, | : | |
| v. | : | Case No. 2:09-CV-1092 |
| | : | |
| THE PENNSYLVANIA STATE | : | Judge GARY L. LANCASTER |
| UNIVERSITY, PAULA MILONE- | : | |
| NUZZO, RAYMONDE BROWN and | : | Complaint filed:  08/17/09 |
| EMMANUEL OSAGIE, | : | |
| Defendants. | : | ***Electronically Filed*** |

## **CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of Defendants' Answer to Plaintiff's Complaint in the above-captioned matter was served this 15th day of October, 2009, to the attorneys/parties of record via electronically filing as follows:

    Joseph H. Chivers, Esquire
    312 Boulevard of the Allies
    Suite 600
    Pittsburgh, PA  15222
    (412) 281-1110
    jchivers@employmentrightsgroup.com

                            McQUAIDE, BLASKO,
                            FLEMING & FAULKNER, INC.

                            By:  s/James M. Horne
                                James M. Horne, Esquire
                                I.D. No. 20698
                                811 University Drive
                                State College, PA 16801
                                jmhorne@mqblaw.com
                                (814) 238-4926
                                Fax: (814) 238-9624
                                Attorneys for Defendants